IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kimberly Gibson, *Estate of Kimberly Gibson*, | ) ) ) | C/A No. 8:15-cv-02476-DCC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| Blue Cross Blue Shield of South Carolina, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). Defendant filed a Motion to Dismiss and to Stay Proceedings on March 10, 2017; Plaintiff filed a Motion to Amend on March 21, 2017. The Magistrate Judge recommends that Defendant's Motion to Dismiss and to Stay Proceedings be denied and that Plaintiff's Motion to Amend be granted in part and denied in part. Specifically, the Magistrate Judge recommends granting Plaintiff's Motion to the extent it seeks to substitute Dale Gibson as the personal representative of the estate as Plaintiff and denying Plaintiff's Motion to the extent it seeks to add a cause of action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant has filed objections to the Report and Plaintiff has filed a reply; accordingly, this matter is ripe for consideration.

The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only

1

required to conduct a de novo review of the specific portions of the Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Comby v. Davis*, 728 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth, in detail, the relevant facts, and this Court incorporates those facts without a recitation. As an initial matter, neither Plaintiff nor Defendant object to the portion of the Report recommending that Plaintiff's Motion to Amend the Complaint to add an ERISA cause of action be denied. Particularly in light of the amount of time that has passed between the filing of the first Complaint and the Motion to Amend, the Court agrees with the Magistrate's finding that it would be unfairly prejudicial to allow Plaintiff to add claims at this late juncture.[1] Accordingly, Plaintiff's Motion to Amend is denied with respect to the request to add a claim under ERISA.

Defendant states in its objections that it "provided ample authority in support of its motion and that the [M]agistrate [J]udge applied the incorrect standard.[2] ECF No. 104 at 1. Defendant contends that state law controls who may bring a claim; because the Estate of Kimberly Gibson did not exist at the time the Complaint was filed, the Complaint is a nullity. Defendant maintains that an amendment cannot save the Complaint under Federal Rule of Civil Procedure 15 because Plaintiff never existed. ECF No. 104.

---

[1] The Court also agrees with the Magistrate's holding that Plaintiff's "Amended Complaint," ECF No. 17, was improperly filed and is not before this Court.

[2] Defendant limits its objections to the Magistrate's recommendation that its Motion to Dismiss be denied, ECF No. 104 at 1; however, because the portion of Plaintiff's Motion to Amend the Complaint to substitute Dale Gibson as Plaintiff relates to Defendant's Motion to Dismiss, the Court will construe the objections as against that portion of Plaintiff's Motion to Amend and Defendant's Motion to Dismiss.

The Court recognizes that the Estate of Kimberly Gibson was closed before the Complaint in this action was filed; thus, under the law of the State of South Carolina, the plaintiff named in this case was not a legal entity capable of filing suit. However, "[t]he nullity rule has been criticized as 'a remnant of an earlier era of strict pleading requirement.'" *Northstar Anesthesia of Alabama, LLC v. Noble*, 215 So. 3d 1044, 1060 (AL 2016) (Bryan, J. dissenting) (quoting *Trimble v. Engelking*, 939 P. 2d 1379, 1381 (ID 1997)). Rule 15 of the Federal Rules of Civil Procedure allows for amendment of pleadings "when justice so requires." Moreover, the Supreme Court has held that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

In the present case, Defendant will not be prejudiced by an amendment of the Complaint to substitute the proper Plaintiff in this action. Defendant has been an active participant in this action for more than two years and is on notice of the claims in this case. *See Davis v. Piper Aircraft Corp*, 615 F.2d 606 (4th Cir. 1980) ("Because defendant was at the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case."). Accordingly, this Court finds it proper to grant Plaintiff's Motion to Amend to the extent it seeks to substitute Dale Gibson as the personal representative of the estate as Plaintiff.

Because Plaintiff's amendment of the Complaint will relate back to the original filing, Defendant's Motion to Dismiss should be denied. *See* Fed. R. Civ. P. 15(c)(1); *see also Vitullo v. Mancini*, 684 F.Supp.2d 747, 754 n. 8 (E.D.Va 2010) ("In this circuit, it is well settled that Rule 15 is chiefly concerned with ensuring (i) that there is a factual nexus between the amendments and the prior pleading, and (ii) that a defendant had sufficient notice of these new

claims such that he will not suffer prejudice if the amendments are found to relate back." (citation omitted)); Fed. R. Civ. P. 15 advisory committee's note to 1996 amendment ("[T]he attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to changing plaintiffs."). The Court finds Defendant's objections are without merit.

For the reasons set forth above, the Court adopts the Report. Defendant's Motion to Dismiss [56] is **DENIED**. Plaintiff's Motion to Amend [66] is **GRANTED in part** with respect to the substitution of Plaintiff and **DENIED in part** with respect to the addition of a cause of action under ERISA.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 19, 2018
Spartanburg, South Carolina

4